UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JONATHAN C. RYAN, as Executor
for the Estate of JOHN EDWARD RYAN,
JONATHAN C. RYAN, and DANIELLE
RYAN                                                                                                        PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:11-CV-476-CRS

MINNESOTA LIFE INSURANCE
COMPANY,                                                                                                    DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiffs, Jonathan C. Ryan, as Executor for the Estate of John Edward Ryan, Jonathan C. Ryan in his individual capacity, and Danielle Ryan (collectively, "Plaintiffs"), to remand this action to Jefferson Circuit Court. (DN 10). Defendant, Minnesota Life Insurance Company ("Defendant") removed the action to this court pursuant to 28 U.S.C. § 1332, asserting diversity jurisdiction exists. For the following reasons, we will deny Plaintiffs' motion to remand.

This dispute arose out of a purported mortgage insurance contract between the decedent, John Edward Ryan, and Defendant. Plaintiffs filed this action in Jefferson Circuit Court, alleging breaches of contract and a duty to act in good faith, along with violations of Kentucky's Unfair Claims Settlement Practices Act and Kentucky's Consumer Protection Act. Defendant removed the action to this court on the basis of diversity of citizenship, asserting that Minnesota Life Insurance Co. is a citizen of California and Delaware and Plaintiffs are citizens of Kentucky and Wisconsin.

Plaintiffs allege that pursuant to 28 U.S.C. § 1332(c)(1), Minnesota Life Insurance Co. should be deemed a citizen of Kentucky, destroying diversity jurisdiction.

The parties pursue whether 28 U.S.C. § 1332(c)(1) is applicable to the case at hand by arguing whether the current action constitutes a "direct action" within the statute or a first-party action, which would render the statute inapplicable. Instead, the court finds that the policy at issue is not a "contract of liability insurance," rendering the statute inapplicable and a discussion of whether this is a "direct action" unnecessary.

28 U.S.C. § 1332(c)(1) provides,

> (c) For the purposes of this section and section 1441 of this title—
>     (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any state by which the insurer has been incorporated and of the State where it has its principal place of business...

28 U.S.C. § 1332(c)(1) (emphasis added). The insurance amendment, which added the highlighted language above, "came in response to state statutes that authorized direct actions against tortfeasors' insurers without action against the tortfeasor." *Mathis v. The Hartford Ins. Co.*, 770 F.Supp.2d 891, 892 (E.D. Mich. 2010) (citing *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989)). These "direct action statutes effectively created diversity jurisdiction where the injured party and the insured were in fact citizens of the same state," which increased the burden on federal courts by fabricating diversity jurisdiction where it previously did not exist. *Id*. at 892-93.

Analyzing the applicability of this provision involves determining whether a "direct action" exists and whether a "liability insurance" policy or contract exists. *See Daugherty v. Chubb Group*

*of Insurance Companies*, 2011 WL 4916508, at *3 (W.D. Ky. Oct. 17, 2011). Because we determine that this is not a policy or contract for "liability insurance," we find the statute inapplicable to divest this court of jurisdiction. As stated in *Spooner v. Paul Revere Life Ins. Co.*,

> The application of [§ 1332(c)(1)] to an insurance company in a typical tort action is proper because the tortfeasor has purchased the policy as protection against liability arising from his breach of a duty owed to the injured party. The typical action is such that the act for which liability is sought to be imposed against the insurance company is the same act for which liability could be imposed against the insured. In this sense, the insurance company derives its liability from the insured. With the 1964 amendment to [§ 1332(c)(1)], Congress intended that the insurer derive its citizenship from the insured as well. In contrast, in actions such as the case at hand, the injured party could not seek to impose liability on the insurance company and the employer for the same act. The employer did not take any action for which the plaintiff now seeks recovery. Therefore, the Court concludes that [§ 1332(c)(1)] is inapplicable.

578 F.Supp. 369, 373 (E.D. Mich. 1984).

In the case at hand, Plaintiffs are seeking recovery for breach of a contract for life insurance between Defendant and John Edward Ryan. Plaintiffs do not seek indemnification by Defendant for the tortious conduct of an insured. There is no liability insurance agreement between Defendant and an insured that causes Defendant to be liable to Plaintiffs in this case. Thus, 28 U.S.C. § 1332(c)(1) is inapplicable because the underlying life insurance policy does not qualify as a "liability insurance" policy or contract under the statute. *See Shiffler v. Equitable Life Assur. Soc. of U.S.*, 838 F.2d 78, 82 n.5 (3rd Cir. 1988) ("[t]he insured here was [the decedent] and this case does not involve liability insurance. It seems obvious that 28 U.S.C. § 1332(c) is intended to be applicable in situations in which traditionally an insured would be a defendant but because of a modification of tort law or for some other reason the insurer is the defendant in its place"); *Kelbert v. Travelers Ins. Co.*, 245 F.Supp. 31, 33 (D.C. N.Y. 1965) ("the section clearly refers to 'any direct

action against the insurer of a policy or contract of liability insurance'; there is no doubt that plaintiffs here sue upon a policy of life insurance rather than liability insurance").

In a factually similar case, the United States Court of Appeals for the First Circuit held that the plaintiffs (the child and widow of an insured decedent) seeking to force payment on a life insurance policy, alleging the life insurer failed to meet its obligations under the insurance contract, could not apply 28 U.S.C. 1332(c)(1) to divest the federal district court of jurisdiction. *Velez v. Crown Life Insurance Co.*, 599 F.2d 471, 473 (1st 1979). The court stated,

> Appellants claim there is no diversity of citizenship because of the provisions of 28 U.S.C. §1332(c). The statute clearly does not apply to this situation. In *White v. United States Fidelity and Guaranty Company*, 356 F.2d 746 (1st Cir. 1966), we examined the legislative history of this statute and pointed out that Congress enacted this amendment specifically to eliminate from diversity jurisdiction tort claims in which both parties are local residents, but, which under a state direct action statute, are brought against a foreign insurance company without joining the local insured as a defendant. We noted: "The report then makes clear that the words 'direct action' were used to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." In this case, the insurance company defendant was the one who was allegedly liable for failing to meet its obligations under the insurance contract with the deceased's employer, not, as under the statute, merely the payor of a judgment based on the negligence of one of its insureds.

*Id.* (internal citations omitted); *see also Searles v. Cincinnati Ins.* Co., 998 F.2d 728, 729 (9th Cir. 1993) ("unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured," § 1332(c)(1) is not applicable); *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 902 (3rd Cir. 1982) (holding § 1332(c)(1) inapplicable where plaintiff did not seek to impose liability on defendant insurer for the conduct of its insured, but instead sought recovery for the defendant insurer's own bad faith refusal to settle her claim).

Similarly, we conclude here that where Plaintiffs seek to enforce a life insurance policy and are suing for Defendant's alleged failure to meet its obligations under the life insurance contract, 28 U.S.C. §1332(c)(1) is inapplicable to divest this court of jurisdiction.

Plaintiffs also argue that KRS § 304.14-370 requires this court to remand the case to Jefferson Circuit Court, Kentucky. This statute provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

KRS § 304.14-370. The court finds Plaintiffs' argument unpersuasive and without merit.[1]

It is true that "Kentucky's insurance code specifically precludes an insurance contract from divesting Kentucky state courts of jurisdiction." (Plaintiffs' Motion to Remand, DN 10). The operative phrase of the statute is that "no conditions...*in a contract of insurance* shall deprive the courts of this state of jurisdiction of actions against foreign issuers..." KRS § 304.14-370 (emphasis added). In the case at hand, Plaintiffs have not pointed to a specific provision or offered any proof that the insurance policy or contract at issue divested Kentucky courts of jurisdiction. Without an insurance contract provision attempting to divest a Kentucky court of jurisdiction, this statute is completely inapplicable. In any event, no state statute can operate to trump federal statutory jurisdiction. U.S. CONST. art. VI. cl. 2.

We conclude jurisdiction in this court is proper pursuant to 28 § U.S.C. 1332(a) and that 28 U.S.C. § 1332(c)(1) and KRS § 304.14-370 are inapplicable. Plaintiffs' motion to remand will be denied.

---

[1] We are in good company in reaching the decision we reach today. *See Daugherty*, 2011 WL 4916508 at *7-*8 (finding an identical argument regarding KRS § 304.14-370 to be "unpersuasive and against the weight of controlling law").

An order consistent with this opinion will be entered this date.

November 23, 2011

**Charles R. Simpson III, Judge
United States District Court**